<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| D.L., | : | **Civil Action No. 25-1740 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff D.L. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning August 28, 2018. A hearing was held before ALJ Frederick Timm (the "ALJ") on March 13, 2024, and the ALJ issued an unfavorable decision on March 25, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of March 25, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain nonexertional limitations.  At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes one argument on appeal: at step four, in making the residual functional capacity ("RFC") determination, the ALJ overlooked the opinions of the state agency psychological consultants that Plaintiff has certain moderate limitations related to social interaction, and therefore the RFC formulation fails to reflect those moderate limitations.  In short, the Court finds that Plaintiff has misunderstood the record and is wrong on the facts.

Plaintiff is correct that both of the state agency psychological consultants opined that Plaintiff has moderate limitations in the areas of "The ability to accept instructions and respond appropriately to criticism from supervisors" and "The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes."  (Tr. 78, 87.)  Plaintiff is also correct that the ALJ, at step four, stated that he found the opinions of the state agency psychological consultants to be persuasive.

Based on these facts, Plaintiff argues that, as already stated, the RFC formulation fails to reflect those moderate limitations in social interaction that the state agency psychological

2

consultants found, despite the ALJ having characterized those opinions as persuasive.  Plaintiff's inference is not supported by the record.  In short, as will be explained, both the RFC at step four and the hypothetical at step five reflect the moderate limitations in social interaction reported by the state agency consultants.

The record shows that both state agency psychological consultants made a series of ratings of areas of functioning, such as social interaction, and, at the end, made a narrative statement summarizing the findings as to mental residual functional capacity.  The consultants issued the same summary statement:

> CONCLUSION: Moderate MRFC.
>
> The claimant is able to understand and follow simple instructions, to sustain mental pace, persistence, concentration and attention to simple, repetitive tasks for at least segments during a normal workday, and to relate and adapt in low-contact work-like settings.

(Tr. 79, 88.)  The summary statement includes a limitation to "low-contact work-like settings." It is apparent to the Court that the limitation to low-contact work settings expresses the moderate limitations in social interaction listed earlier in the consultants' reports.  At step four, the ALJ stated the following about the opinions of the state agency psychological consultants:

> The State agency psychological consultants concluded that the claimant retained the capacity to understand and follow simple instructions, sustain mental pace, persistence, concentration and attention to simple, repetitive tasks for at least segments during a normal workday, and to relate and adapt in low- contact work-like settings (Exhibits 2A; 4A). The undersigned finds these opinions generally persuasive because they are consistent with the medical record as a whole for the reasons noted above in Finding 4.

(Tr. 28.)  Note that the ALJ included the limitation to "low-contact work-like settings."

Crucially, at step five, when the ALJ presented the hypothetical to the vocational expert, he stated:

> Could someone perform the work of a Laborer, salvage, if they were generally capable of medium exertion, but never reaching overhead with the upper extremities, needing to avoid concentrated exposure to extreme cold and to loud noises rated at the 4/5 and 5/5 levels? Further limited to simple, routine tasks, goal oriented rather than production paced tasks. No significant interaction with the general public, even by telephone, but occasional interaction with supervisors and coworkers and requiring a stable workplace, meaning few if any changes in setting, processes, and tool . . .  Are there other occupations classified as medium, light and/or sedentary in the DoT that such an individual could perform?

(Tr. 64-65.)  It is apparent to this Court that, at step five, the ALJ gave the expert a hypothetical that fully incorporated the limitation to low-contact work settings reported by the agency consultants and adopted by the ALJ at step four.

In summary, the record does not support Plaintiff's argument that the ALJ overlooked certain findings by the state agency psychological consultants related to social interaction.  The hypothetical presented at step five incorporated and expressed the findings by the state agency psychological consultants related to social interaction and the limitation to low-contact work settings.  The Court finds no error.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors.  Plaintiff has not shown that the ALJ made any material or prejudicial error.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

   s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: March 27, 2026

4